UNITED STATES of America,
Plaintiff–Appellee,

v.

Omar CHISHOLM, Defendant–Appellant.

No. 04–11494.
Non–Argument Calendar
D.C. Docket No. 00–10015–CR–SH.

United States Court of Appeals,
Eleventh Circuit.

July 14, 2005.

---

violation of 46 U.S.C. app. § 1903(a), (g) and (j) and 21 U.S.C. § 960(b)(2). Chisholm and two co-defendants were found clinging to the hull of a small, overturned boat in the Windward Passage. While there was no direct evidence against Chisholm, the Coast Guard eventually recovered 46 bales of marijuana from a debris field that began about 100 yards from the overturned vessel and extended approximately 1,000 yards from it. The debris field also contained a number of fuel drums which were similar to a fuel drum found underneath the boat.

After a jury convicted Chisholm, the probation officer recommended imposing both a two-level leadership role enhancement under U.S.S.G. § 3B1.1(c), and a two-level enhancement for acting as captain of a drug-carrying vessel under U.S.S.G. § 2D1.1(b)(2)(B). Chisholm objected that this amounted to double counting, because acting as the captain of a boat "subsume[d]" the fact that he had acted in a leadership role. He never challenged the factual basis for the enhancement. The district court sustained Chisholm's objection, and sentenced him to 78 months imprisonment.

Chisholm raises two arguments on appeal. First, he contends that the evidence was insufficient to convict him because there was no direct evidence that marijuana was in his boat or that he agreed to transport it. Second, Chisholm argues, for the first time on appeal, that the district court violated *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),[1] by enhancing his sentence based upon a judicial finding that he had acted as captain of a drug-smuggling vessel.

Gary Kollin, Fort Lauderdale, FL, for Defendant–Appellant.

Anne R. Schultz, Kathleen M. Salyer, U.S. Attorney's Office, James M. Koukios, Miami, FL, for Plaintiff–Appellee.

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM.

Omar Chisholm appeals his conviction and 78–month sentence for conspiracy to possess marijuana with the intention to distribute it, while aboard a vessel within the jurisdiction of the United States, in

---

**1.** Because Chisholm's brief was filed before *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), was decided, and *Booker* is closely related to *Blakely*, we construe Chisholm's brief as raising both *Booker* and *Blakely* challenges to his sentence.

## I. The Sufficiency of the Evidence

We "review the sufficiency of the evidence de novo to determine whether a reasonable jury could have concluded that the evidence established the defendants' guilt beyond a reasonable doubt." *United States v. Brazel*, 102 F.3d 1120, 1131 (11th Cir.1997). In conducting this review, we "view the evidence in the light most favorable to the government and make[s] all reasonable inferences and credibility choices in the government's favor." *Id.*

Federal law makes it illegal for persons aboard vessels "within the jurisdiction of the United States" to possess controlled substances with the intent of distributing them. 46 U.S.C. app. § 1903(a). Federal law also proscribes conspiracies to violate § 1903(a). 46 U.S.C. app. § 1903(j).

To obtain a conspiracy conviction under § 1903(j), "the government must demonstrate that an agreement existed between two or more persons and that the defendant knowingly and voluntarily participated in it[.]" *United States v. Garate–Vergara*, 942 F.2d 1543, 1547 (11th Cir.1991). "[T]hese elements may be proved by circumstantial evidence." *Id.* Furthermore:

> It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. A jury is free to choose among the constructions of the evidence.

*United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir.1997).

Furthermore, we have held that, when the government shows that a defendant was crew member of a vessel which was heavily laden with drugs, the government bears only a "light" burden of presenting additional evidence that the defendant was a member of a drug conspiracy. *See United States v. Cruz–Valdez*, 773 F.2d 1541, 1547 (11th Cir.1985). In such situations, evidence that the defendant was aboard a small vessel or a vessel that was not equipped to perform a legitimate commercial purpose is sufficient to sustain a conspiracy conviction. *See id.*

■ In the instant case, Lieutenant Spotts testified that 46 bales of marijuana weighing approximately 1,900 pounds were recovered within 1,000 yards of the capsized vessel. The government also presented evidence that the marijuana had a wholesale value of approximately $1.9 million. Because fuel drums were found both underneath Chisholm's vessel and in the debris field, there was physical evidence that the debris came from the overturned vessel. Finally, though the marijuana could theoretically have come from another vessel, such a possibility was diminished by Spotts's expert testimony that the bales could not have come from a nearby ship, the *Lady of Czestochowa.* Taken together, this evidence was more than sufficient to permit the jury to infer that the marijuana came from the capsized vessel. Furthermore, because the capsized vessel was small and was not equipped for any legitimate commercial purpose, there was sufficient evidence for the jury to further infer that Chisholm knew the marijuana was on board and had agreed with the other two crew members to transport it.

## II. Sentencing Issues

When an appellant raises a constitutional attack upon the Sentencing Guidelines that was not raised in district court, plain error review applies. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005), *cert. denied,* —— U.S. ——, 125 S.Ct. 2935, —— L.Ed.2d —— (2005) (holding that plain error review applied to unpreserved *Blakely/Booker* claim). "An ap-

pellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (internal quotations omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotations omitted).

The Sentencing Guidelines authorize a two-level enhancement when the defendant acted as a "captain" or "operational officer aboard any craft or vessel carrying a controlled substance." U.S.S.G. § 2D1.1(b)(2); *accord United States v. Rendon,* 354 F.3d 1320, 1330 (11th Cir. 2003), *cert. denied* 541 U.S. 1035, 124 S.Ct. 2110, 158 L.Ed.2d 720 (2004). After Chisholm filed his initial brief, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* 125 S.Ct. at 756.

In a second and separate majority opinion, the Supreme Court concluded that the Sentencing Guidelines must now be treated as advisory. *Booker,* 125 S.Ct. at 764. Accordingly, district courts are now required to consider not only the applicable guidelines range, but also the full array of other sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id.*

As we noted in *United States v. Shelton,* 400 F.3d 1325, 1300–31 (11th Cir.2005), two

distinct types of *Booker* error exist. First, Sixth Amendment *Booker* error occurs when a district court uses extra verdict enhancement to increase a defendant's guidelines range and then treats this range as mandatory.[2] *Id.* at 1330. Conversely, statutory *Booker* error occurs whenever when a district court treats the guidelines range as mandatory, regardless of whether it imposes and extra-verdict enhancements. *Id.* at 1330–31.

Even in light of *Booker,* when a defendant fails to object to the PSI's factual description of his offense conduct, he thereby admits to the facts described in the PSI. *United States v. Burge,* 407 F.3d 1183, —— ——, man. op. at 21–22 (11th Cir.2005). Accordingly, no Sixth Amendment *Booker* error occurs insofar as the defendant fails to object to the relevant factual statements in the PSI. *Id.* In such situations, the first requirement of plain error is not met. *Id.*

With regard to statutory *Booker* error, we have emphasized that, when a defendant's objection is not properly preserved, he bears the burden of demonstrating that his substantial rights were prejudiced. *Rodriguez,* 398 F.3d at 1300. Thus, when the record contains no indication of what sentence the district court would have imposed under advisory sentencing guidelines, the defendant generally cannot fulfill his burden of proving that his substantial rights were prejudiced, and, therefore, cannot establish plain error. *See id.* Finally, the fact that a defendant was sentenced at the bottom end of the applicable guidelines range is, by itself, insufficient to prove prejudice. *United States v. Fields,*

**2.** However, when the guidelines are applied in an advisory manner, the enhancement of a defendant's sentence based upon judicial factual findings does not violate the Sixth Amendment. *See Booker,* 125 S.Ct. at 764

(stating that, when the provision making application of the guidelines mandatory is severed, the remainder of the guidelines are constitutional).

408 F.3d 1356, —— – ——, man. op. at 9–12 (11th Cir.2005).

In the instant case, Chisholm did not challenge the factual predicate of the U.S.S.G. § 2D1.1(D)(2) enhancement at sentencing and even admitted, through counsel, that he had acted as the captain of the capsized. Accordingly, because Chisholm admitted to the factual predicate of this enhancement, the district court did not commit any Sixth Amendment error, much less plain error. *See Burge,* 407 F.3d at —— – ——, man. op. at 21–22. Furthermore, while the district court erred by applying the guidelines in a mandatory fashion, there is no evidence that Chisholm would have received a lower sentence under an advisory reading of the guidelines. Accordingly, Chisholm has not shown that the use of mandatory guidelines prejudiced his substantial rights and, therefore, has not established plain error on this basis.

**AFFIRMED.**