[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15242
Non-Argument Calendar

_____

D. C. Docket No. 04-20310-CR-MGC

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 12, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM VAZQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 12, 2005)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

William Vazquez appeals his sentence imposed after pleading guilty to one count of conspiracy to steal goods in excess of $1,000, which were part of an interstate freight shipment, in violation of 18 U.S.C. §§ 371, 659. Vazquez asserts the district court violated *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), by sentencing him based on a finding of a loss amount in excess of $400,000, which was neither reflected in the indictment, nor admitted by him. Vazquez further contends that pursuant to *United States v. Shelton*, 400 F.3d 1325, 1330–31 (11th Cir. 2005), the district court erred by sentencing him under the mandatory scheme of the sentencing guidelines. We vacate and remand for resentencing consistent with *Booker*.

Because Vazquez raised a *Blakely* objection before the district court, we review his sentence de novo, but will reverse only for harmful error. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). We have clarified there are two types of *Booker* error: (1) Sixth Amendment, or constitutional, error based upon sentencing enhancements imposed under a mandatory Guidelines system neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

2

U.S.S.G. § 2B1.1(b)(1)(H) provides if the amount of loss exceeded more than $400,000, but less that $1,000,000, a base offense level should be increased by 14 points. Where a defendant admits to the facts that enhanced his sentence, there is no Sixth Amendment violation under *Booker*. *See Shelton*, 400 F.3d at 1330; *see also United States v. Burge*, 407 F.3d 1183, 1191 (11th Cir. 2005) (withdrawal of factual PSI objection constitutes admission).

In this case, constitutional error did not occur because Vazquez admitted to the amount of loss of $400,000 but less than $1,000,000 that formed basis for the 14-point enhancement. In fact, Vazquez never has contested he was responsible for this amount of loss because: (1) he did not object to the factual statements in the Presentence Investigation Report (PSI) regarding the amount of loss, and (2) he adopted as true the facts contained in the PSI, which specifically found the intended theft amount was at least $500,000, by stating in his "Position of Parties with Respect to Sentencing Factors" that there were no disputed facts. Accordingly, because Vazquez admitted to the facts that enhanced his sentence, there is no Sixth Amendment violation under *Booker*. Furthermore, Vazquez never challenged the sufficiency of the evidence supporting the valuation in the district court and raises the sufficiency argument for the first time on appeal, despite his waiver of the issue in the district court.

Even in the absence of constitutional error, *Booker* error exists where the district court imposes a sentence under a mandatory Guidelines system. *Shelton*, 400 F.3d at 1330–31. The district court sentenced Vazquez under a mandatory Guidelines system, thus statutory error exists. *See id.* "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance . . . that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." *United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005) (internal quotation marks and brackets omitted). The burden is on the government to show the error was harmless. *Id.*

The Government cannot meet its burden. The district court imposed a sentence at the low end of the applicable guidelines range and announced an alternative sentence of six months' imprisonment in case the Supreme Court ruled that *Blakely* was applicable to the Guidelines. Accordingly, because there is evidence in the record the district court would have imposed a lesser sentence on Vazquez, we vacate and remand for resentencing consistent with *Booker*. We note the district court correctly calculated Vazquez's Guidelines range of 24 to 30 months' imprisonment. *See United States v. Crawford*, 407 F.3d 1174, 1178–79

4

(11th Cir. 2005) (stating after *Booker*, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines"). Thus, on remand, the district court is required to sentence Vazquez according to *Booker*, considering the Guidelines range of 24 to 30 months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." *Booker*, 125 S. Ct. at 757.[1]

VACATED AND REMANDED.

---

[1] We do not mean to imply by our holding that on remand the district court must impose a lesser sentence. Rather, we merely hold the Government has not met its burden to show the statutory error was harmless. We also will not attempt to decide now whether particular sentences below the Guidelines range might be reasonable in this case.