[**PUBLISH**]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————

No. 04-13468

———————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00253-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA JOHN BURGE,

Defendant-Appellant.

———————

Appeal from the United States District Court
for the Southern District of Alabama

———————

(May 2, 2005)

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

DUBINA, Circuit Judge:

In this case, the government charged the defendant/appellant Joshua John Burge with the illegal possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). Burge entered a guilty plea, and the district court sentenced him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to 190 months imprisonment. Burge filed this appeal challenging the constitutionality of his sentence under the ACCA and *United States v. Booker*, 125 S. Ct. 738, 756 (2005). For the reasons that follow, we affirm.

## I. BACKGROUND

The maximum sentence for a violation of 18 U.S.C. § 922(g)(1) is 10 years. 18 U.S.C. § 924(a)(2). For this substantive offense, without consideration of the ACCA, the probation officer assigned Burge, under the now advisory Federal Sentencing Guidelines ("Guidelines"), a total offense level of 17, criminal history category V, with a Guidelines range of 46 to 57 months imprisonment.[1] The mandatory minimum sentence pursuant to the ACCA is 15 years. 18 U.S.C. § 924(e)(1). As an armed career criminal under the ACCA, Burge received an

---

[1] The probation officer calculated this Guidelines range as follows: an offense level of 14 under U.S.S.G. § 2K2.1(a)(6) for the defendant's conviction under 18 U.S.C. § 922(g); a 4 level increase under U.S.S.G. § 2K2.1 for pointing his firearm at the arresting officers; a 2 level increase under U.S.S.G. § 3C1.2 for creating a substantial risk of death or serious bodily injury; and a 3 level deduction under U.S.S.G. § 3E1.1 for acceptance of responsibility.

offense level of 34 pursuant to U.S.S.G. § 4B1.4(b)(3)(A). After a 3 level reduction for his acceptance of responsibility, the probation officer assigned Burge a total offense level of 31, criminal history category VI, with a Guidelines range of 188 to 235 months imprisonment.

A defendant is subject to the ACCA if he or she "violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The term "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii), "means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that . . . is burglary." "[T]he term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(C).

There is no dispute that Burge has two prior adult burglary convictions that fall under section 924(e). However, in order to apply section 924(e), the court considered – as the third necessary conviction – Burge's juvenile charge of burglary in the first degree under Ala. Code § 13A-7-5 (1975), which was

adjudicated by the Juvenile Court of Mobile County, Alabama. Based on the statutory language of Ala. Code § 13A-7-5, the juvenile petition, and the juvenile judgment of delinquency, the district court determined that the juvenile adjudication satisfied the requirements of section 924(e). The district court then applied U.S.S.G. § 4B1.4(b)(3)(A), as opposed to U.S.S.G. § 4B1.4(b)(3)(B), based on the fact that Burge pointed his gun at the arresting officers during the substantive offense committed under section 922(g). This application of the Guidelines resulted in a 1 level increase to Burge's total adjusted offense level.

Burge challenges his sentence and contends that: (1) the district court erred by considering the juvenile petition and judgment to determine whether the juvenile adjudication satisfied section 924(e); (2) the consideration of his juvenile adjudication violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000); and (3) the imposition of his sentence under the Guidelines violates *Booker*.

## II. ISSUES

1. Whether the district court may look beyond the statutory definition of an offense to determine if it qualifies as a prior conviction under the ACCA.

2. Whether a juvenile adjudication may be considered as a prior conviction under the ACCA.

3. Whether the imposition of Burge's sentence violates *Booker*.

### III. STANDARDS OF REVIEW

The court reviews the district court's legal interpretation of the statutes and Guidelines de novo. *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004); *see also United States v. Pope*, 132 F.3d 684, 689 (11th Cir. 1998) (stating that the court reviews questions of statutory interpretations under the ACCA de novo).

Because Burge waived his constitutional objection to the district court's application of the Guidelines, the court reviews his sentence for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005); *United States v. Duncan*, 400 F.3d 1297, 1301 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *Rodriguez*, 398 F.3d at 1298 (quotation and internal marks omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only

if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

## IV. DISCUSSION

A. *The petition and judgment of a juvenile adjudication may be considered*

In order to determine whether Burge's juvenile offense (burglary) was committed while he was carrying a firearm and, therefore, whether his juvenile adjudication could count as a conviction for purposes of the ACCA, the district court considered the petition for a declaration of juvenile delinquency and the juvenile judgment of adjudication. Burge does not dispute the fact of the underlying adjudication, that is, that he was adjudicated delinquent for violating Ala. Code § 13A-7-5; rather, Burge argues that the juvenile adjudication cannot be considered because the statute can be violated in one of three ways, and if the court only considers the statute and the fact of adjudication, it is unclear whether he committed the offense while carrying a firearm.[2]

---

[2] Alabama Code §13A-7-5(a) provides: "A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, he or another participant in the crime: (1) Is armed with explosives or a deadly weapon; or (2) Causes physical injury to any person who is not a participant in the crime; or (3) Uses or threatens the immediate use of a dangerous instrument."

The district court's consideration of the petition and judgment to resolve the ambiguity was not error. When a court considers the application of a sentencing enhancement it should generally follow a "categorical approach" and "consider only the fact of conviction and the statutory definition of the prior offense." *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004) (quotation and citation omitted); *accord Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 2160 (1990) (holding that 18 U.S.C. § 924(e) "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense"). The district court may, however, "look beyond the conviction when sentence enhancements are based on a defendant's prior *conduct* or *crime*." *Breitweiser*, 357 F.3d at 1254. Under such circumstances, the district court "may look behind the judgment of conviction when it is impossible to determine from the face of the judgment or statute whether the prior crime satisfies the enhancement statute." *Id.* at 1255. The district court's review "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 125 S. Ct. 1254, 1263 (2005). Here, consistent with *Breitweiser* and *Shepard*, the district court looked beyond the face

of the statute to the petition and judgment in order to determine that Burge was adjudicated delinquent for committing first degree burglary while carrying a firearm and, therefore, to determine that his juvenile adjudication satisfied the ACCA.

B. *A juvenile adjudication may be a "prior conviction" under the ACCA*

Burge's juvenile adjudication required a finding of proof beyond a reasonable doubt (as well as all other constitutionally required safeguards), but did not afford him the right to a jury trial. Thus, Burge, relying on *United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001), argues that the district court erred when it considered his prior juvenile adjudication for purposes of increasing his sentence under the ACCA.

"[T]he sentencing factor at issue here–recidivism–is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Almendarez-Torres v. United States*, 523 U.S. 224, 243, 118 S. Ct. 1219, 1230 (1998). "[T]he government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." *United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004) (citing *Almendarez-Torres*, 523 U.S. at 228, 118 S.Ct. at 1223). "This conclusion was left undisturbed

by *Apprendi*, *Blakely*[ *v. Washington*, 124 S. Ct. 2531 (2004)], and *Booker*."

*United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005).

In *Almendarez-Torres* the Court considered whether an increased maximum sentence (from up to 2 years to up to 20 years) based on a prior conviction constituted a separate crime, which needed to be alleged in the indictment, or a sentence enhancement, which did not need to be alleged in the indictment, and the Court concluded that it was a sentence enhancement. 523 U.S. at 227-28, 118 S.Ct. at 1222. In *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215 (1999), decided the following Term, the Court explained that *Almendarez-Torres* "stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged." 526 U.S. at 248, 119 S. Ct. at 1226-27. In *Jones*, the Court concluded that the federal carjacking statute, which provided three separate sentencing penalties based on facts other than the fact of a prior conviction, constituted three separate crimes. *Jones*, 526 U.S. at 229, 119 S. Ct. at 1217. Addressing *Almendarez-Torres*, the Court recognized that:

> the holding last Term rested in substantial part on the tradition of regarding recidivism as a sentencing factor, not as an element to be set out in the indictment. The Court's repeated emphasis on the distinctive significance of recidivism leaves no question that the Court regarded that fact as potentially distinguishable for constitutional purposes from other facts that

9

might extend the range of possible sentencing. . . . One basis for that possible constitutional distinctiveness is not hard to see: unlike virtually any other consideration used to enlarge the possible penalty for an offense, and certainly unlike the factor before us in this case, a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees.

*Jones*, 526 U.S. at 249, 119 S. Ct. at 1227 (citations omitted).

In *Apprendi*, the Court was not faced with recidivism as a sentence enhancement; rather, Apprendi argued that "the Due Process Clause of the United States Constitution requires that the [trial court's] finding of bias upon which his hate crime sentence was based must be proved to a jury beyond a reasonable doubt." 530 U.S. at 471, 120 S. Ct. at 2352. The Court agreed, but preserved a prior conviction exception: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63. As to this exception, the Court explained that "there is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof." *Apprendi*, 530 U.S. at 496, 120 S. Ct. at 2366. Further, the Court stated

that the due process and Sixth Amendment concerns in *Almendarez-Torres* were mitigated by "[b]oth the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that Almendarez-Torres did not challenge the accuracy of the 'fact' in his case," *Apprendi*, 530 U.S. at 488, 120 S. Ct. at 2362, and because recidivism "does not relate to the commission of the offense itself." 530 U.S. at 496, 120 S. Ct. at 2366 (quotation omitted). The Court reaffirmed *Apprendi's* prior conviction exception in *Booker*: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. 738, 756.

Based on its interpretations of *Jones* and *Apprendi*, the Ninth Circuit limited this exception to "prior convictions that were themselves obtained through proceedings that included the right to a jury trial and proof beyond a reasonable doubt." *Tighe*, 266 F.3d at 1194. Specifically, the panel majority in *Tighe* concluded that the underlying rationale for the prior conviction exception is the following "fundamental triumvirate of procedural protections:" "fair notice, reasonable doubt and the right to a jury trial." *Id.* at 1193. Thus, the court held that a juvenile adjudication that does not itself afford a defendant the right to a

11

jury trial cannot fall within *Apprendi's* prior conviction exception and cannot be used as a prior conviction for purposes of the ACCA. *Id.* at 1194. The court was forced to distinguish its holding from a prior panel decision, *United States v. Williams*, 891 F.2d 212 (9th Cir. 1989), which held that it does not violate a defendant's "due process rights for the sentencing judge to use his prior, nonjury, juvenile adjudications to enhance his sentence under the [federal] sentencing guidelines." 891 F.2d at 215 (reasoning that "[i]f it does not violate due process for a juvenile to be deprived of his or her liberty without a jury trial, we fail to find a violation of due process when a later deprivation of liberty is enhanced due to this juvenile adjudication"). The court distinguished *Williams* from *Tighe* by stating that "William's [sic] prior juvenile adjudications were not used to increase the statutorily mandated maximum punishment to which he was exposed." *Tighe*, 266 F.3d at 1192. The dissent in *Tighe* disagreed and stated that:

> the language in *Jones* stands for the basic proposition that Congress has the constitutional power to treat prior convictions as sentencing factors subject to a lesser standard of proof because the defendant presumably received all the process that was due when he was convicted of the predicate crime. For adults, this would indeed include the right to a jury trial. For juveniles, it does not. Extending *Jones*' logic to juvenile adjudications, when a juvenile receives all the process constitutionally due at the juvenile stage, there is no *constitutional* problem (on which *Apprendi* focused) in using that adjudication to support a later sentencing enhancement. Our decision in *Williams* recognizes just that.

12

*Tighe*, 266 F.3d at 1200 (Brunetti, J., dissenting).

Since *Tighe*, the majority of courts have followed the *Tighe* dissent: "If juvenile adjudications are constitutionally sound according to the more limited set of rights afforded in juvenile proceedings, they may be used to increase a defendant's sentence for a later crime." *State v. Hitt*, 42 P.3d 732, 739, 273 Kan. 224, 235 (Kan. 2002); *accord United States v. Jones*, 332 F.3d 688 (3d Cir. 2003), *cert. denied*, 540 U.S. 1150, 124 S. Ct. 1145 (2004); *United States v. Smalley*, 294 F.3d 1030 (8th Cir. 2002), *cert. denied*, 537 U.S. 1114, 123 S. Ct. 870 (2003); *Ryle v. State*, 819 N.E. 2d 119, 123 (Ind. Ct. App. 2004); *People v. Bowden*, 102 Cal. App. 4th 387, 125 Cal. Rptr. 2d 513 (Cal. Ct. App. 2002). *But see State v. Brown*, 879 So. 2d 1276, 1290 (La. 2004), *cert. denied*, 125 S. Ct. 1310 (2005) (agreeing with *Tighe* that if "a juvenile adjudication is not established through a procedure guaranteeing a jury trial, it cannot be excepted from *Apprendi's* general rule"). This issue is one of first impression in our circuit.

In *Smalley*, the Eighth Circuit stated that the Ninth Circuit's interpretation was too strict because: "We think that while the Court [in *Apprendi*] established what constitutes sufficient procedural safeguards (a right to jury trial and proof beyond a reasonable doubt), and what does not (judge-made findings under a lesser standard of proof), the Court did not take a position on possibilities that lie

13

in between these two poles." *Smalley*, 294 F.3d at 1032.  Juvenile adjudications, where juvenile defendants have the right to notice, the right to counsel, the right to confront and cross-examine witnesses, the privilege against self-incrimination, and the right to a finding of guilt beyond a reasonable doubt, *see McKeiver v. Pennsylvania*, 403 U.S. 528, 533, 91 S. Ct. 1976, 1980 (1971) (setting forth the constitutional requirements of a state juvenile proceeding), provide more than sufficient safeguards to ensure the reliability that *Apprendi* requires and, therefore, may be considered under the ACCA.  *Smalley*, 294 F.3d at 1033.  In *Jones*, the Third Circuit agreed with *Smalley* and stated that "[l]ike the *Smalley* court, we find nothing in *Apprendi* or *Jones*, two cases relied upon by the *Tighe* court and [the defendant] on this appeal, that requires us to hold that prior nonjury juvenile adjudications that afforded all required due process safeguards cannot be used to enhance a sentence under the ACCA."  *Jones*, 332 F.3d at 696; *see Hitt*, 42 P.3d at 740, 273 Kan. at 235 (stating that although *Apprendi* spoke of procedural safeguards attached to a prior conviction, "[i]t did not specify *all* procedural safeguards nor did it require certain *crucial* procedural safeguards").  Thus, the Third Circuit held that "[a] prior nonjury juvenile adjudication that was afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for *Apprendi* purposes."  *Jones*, 332 F.3d at 696.

14

In the present case, the district court found the Third Circuit's *Jones* decision more persuasive than *Tighe* and applied Burge's juvenile adjudication to the ACCA. After reviewing the record, we conclude that this application was correct. We base our holding on the reasoning of our sister circuits in *Smalley* and *Jones.*

"[T]rial by jury in the juvenile court's adjudicative stage is not a constitutional requirement." *McKeiver*, 403 U.S. at 545, 91 S. Ct. at 1986; *McCullough v. Singletary*, 967 F.2d 530, 532 (11th Cir. 1992); *cf. United States v. Bent*, 702 F.2d 210, 212 (11th Cir. 1983) ("[T]here is no constitutional right to a jury trial in federal juvenile delinquency proceedings."). Further, although the Court's *Jones* and *Apprendi* decisions discuss the right to a jury trial as a procedural safeguard, neither case addresses juvenile adjudications and neither case explicitly states that a juvenile adjudication can only count as a prior conviction under the ACCA if the juvenile was afforded the right to a jury trial. At a minimum, however, *Apprendi's* prior conviction exception is based on the procedural safeguards that attach to a prior conviction or juvenile adjudication. *See Hitt*, 42 P.3d at 740, 273 Kan. at 236.

Prior to *Almendarez-Torres*, we recognized that the fact of a prior conviction under section 924(e) "merely links the severity of the defendant's

15

punishment for a violation of the predicate offense § 922(g) to the number of previous felony convictions" and need not be submitted for jury consideration because "the defendant has received the totality of constitutional protections due in the prior proceeding on the predicate offense." *United States v. McGatha*, 891 F.2d 1520, 1526 (11th Cir. 1990). We explained that "[i]t was unnecessary for the jury to consider the defendant's prior convictions, for these convictions were not an element of the offense for which he was indicted and to which he entered his plea of guilty." *Id.* at 1525. And we concluded that "[w]hile the Due Process Clause indeed requires proof beyond a reasonable doubt of every fact necessary to constitute the crime, in sentencing those already constitutionally convicted the courts have traditionally operated without constitutionally imposed burdens of proof." *Id.* at 1526-27. Although we did not consider the use of a prior juvenile adjudication in *McGatha*, its rationale is consistent with the Eighth Circuit's decision in *Smalley* and the Third Circuit's decision in *Jones*, and can be applied in this case. Accordingly, "[a] prior nonjury juvenile adjudication that was afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for *Apprendi* purposes." *Jones*, 332 F.3d at 696. Here, we are persuaded that Burge received the totality of constitutional protections due in his prior juvenile proceeding.

16

## C. *The district court did not err under* Booker

In his written objections to the presentence report, Burge objected to the proposed enhancement for allegedly pointing his gun at the arresting officers. At sentencing, which occurred prior to *Blakely v. Washington*, 124 S. Ct. 2531 (2004), Burge abandoned his objections, and the district court enhanced his sentence under the Guidelines accordingly. Burge then raised a *Blakely* objection for the first time in his initial brief. The Supreme Court subsequently decided *Booker*, which extends *Blakely* to the Guidelines. "The holding in *Booker* is that the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." *Rodriguez*, 398 F.3d at 1298.

We conclude from the record that there is no Sixth Amendment violation under *Booker* in this case because the first prong of the plain error test is not satisfied: Burge waived his objections to the factual statements about his relevant conduct in the presentence report and, therefore, admitted the facts in that report. *United States v. Shelton*, 400 F.3d at 1328-29. Further, there is no error in this case under *Booker* as to the district court's application of the Guidelines for the reasons recently stated by this court in *Rodriguez*. Burge, like the defendant in

17

*Rodriguez*, has not carried his burden as to the third prong of the plain error test: Burge cannot show that "there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *Rodriguez*, 398 F.3d at 1301; *accord United States v. Dowling*, No. 04-10464, 2005 WL 658938 (11th Cir. March 23, 2005).

For the foregoing reasons, we affirm Burge's sentence.

**AFFIRMED**.