[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-10867
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 2, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00039-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE ARELLANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 2, 2004)

Before BLACK, MARCUS, and PRYOR, Circuit Judges.

PER CURIAM:

Felipe Arellano appeals his 108-month sentence, imposed after he pled

guilty, pursuant to a written plea agreement, to conspiring to distribute and to

possess with intent to distribute more than 50 kilograms of marijuana, in violation

of 21 U.S.C. § 846, and possessing with intent to distribute more than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Arellano argues that the district court violated his Sixth Amendment right to have a jury determine beyond a reasonable doubt (1) the quantity of marijuana involved, (2) his role in the offense, and (3) allegations of spousal abuse and battery, none of which were charged in the indictment, as required by United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621(2005).[1] After thorough review of the record and the parties' briefs, we affirm.

Because Arellano failed to raise his Booker challenge in the district court, we review his claim for plain error. See United States v. Williams, 408 F.3d 745, 748 (11th Cir. 2005). We will correct plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial

---

[1] We summarily reject Arellano's additional argument, that the district court erred by adding one point to his criminal history score, pursuant to U.S.S.G. § 4A1.2(c), based on a prior conviction in Florida state court for petit theft, to which he pled no contest in abstentia and was fined $500. He argues that this prior conviction was obtained without the assistance of counsel, or a valid wavier of his right to counsel. The commentary to § 4A1.2 specifically indicates that "[prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed." U.S.S.G. § 4A1.2, background comment. (emphasis added). An indigent defendant charged with a misdemeanor has the right to an attorney where the defendant is sentenced to a term of imprisonment. Scott v. Illinois, 440 U.S. 367, 373-74, 99 S. Ct. 1158, 1162, 59 L. Ed. 2d 383 (1979). Conversely, "where no sentence of imprisonment was imposed, a defendant charged with a misdemeanor ha[s] no constitutional right to counsel." Nichols v. United States, 511 U.S. 738, 743, 114 S. Ct. 1921, 1925, 128 L. Ed. 2d 745 (1994) (citing Scott, 440 U.S. 367, 99 S. Ct. 1158). The Supreme Court has held that an "uncounseled misdemeanor conviction, valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." Nichols, 511 U.S. at 748-49, 114 S. Ct. at 1768. Accordingly, Arellano's argument on this point is unpersuasive.

2

rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding. See United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996).

In Booker, the Supreme Court held that the mandatory nature of the Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee of a right to a jury trial. Booker, 543 U.S. at ___,125 S. Ct. at 749-51. "The holding in Booker is that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, (U.S. Jun 20, 2005) (No. 04-1148). After Booker, we have held that, where, at sentencing, a defendant abandons his objections to the Presentence Investigation Report ("PSI"), no Sixth Amendment violation under Booker occurs, as the defendant's waiver of his objections constituted an admission of the facts in the PSI. United States v. Burge, 407 F.3d 1183, 1191 (11th Cir. 2005).

At sentencing, Arellano abandoned his challenges to the drug quantity by agreeing to a base offense level of 28, based on an amount of marijuana between 400 and 700 kilograms. He also abandoned his challenge to the role enhancement

3

when he stated that he was not going to contest it, in return for the government's recommendation of a sentence reduction for acceptance of responsibility. Thus, he admitted these facts and cannot satisfy the first prong of plain error, for purposes of establishing Booker constitutional error. See Burge, 407 F.3d at 1190. Moreover, Arellano's claim that the district court violated his Sixth Amendment rights by enhancing his sentence based on his past alleged spousal abuse is without merit, since the district court expressly stated that it was not considering the alleged abuse. The district court's stated intention is reflected in the court's sentencing Arellano to 108 months, the lowest possible sentence. Accordingly, Arellano's sentence was not enhanced based on facts that he did not admit, and there was no Sixth Amendment violation.

We have held that, even in the absence of a constitutional error under Booker, there remains statutory error where a district court imposes a sentence under the formerly binding, mandatory guidelines. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). However, here, like in Rodriguez and Burge, appellant has not satisfied the third prong of plain error review, which requires him to show "a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Rodriguez, 398 F.3d at 1301. Where "[t]he record provides no reason to

4

believe any result is more likely than the other," a defendant cannot prevail under plain error review. Id.

The district court did not commit reversible plain error by sentencing Arellano under a mandatory guideline system. The record reveals no inclination on the part of the district court that Arellano's sentence was too high, or that the court felt constrained by the mandatory nature of the guidelines. Even though Arellano was sentenced at the lowest end of the guidelines, we have held that this fact, without more, is not enough to meet the third prong of plain error review. See United States v. Fields, 408 F.3d 1356, 1360-61 (11th Cir. 2005). Simply put, Arellano has not met his burden as to the third prong of the plain error test as to Booker non-constitutional error: he cannot show that "there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Rodriguez, 398 F.3d at 1301; accord United States v. Dowling, 403 F.3d 1242 (11th Cir. 2005).

In sum, because the calculation of Arellano's sentence was based only on facts admitted by him, and he has failed to show that there is a reasonable probability that the district court's error in sentencing him under a mandatory sentencing system affected the outcome of his sentence, he has not shown plain error based on Booker.

5

**AFFIRMED.**