[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11564
Non-Argument Calendar

_____

D. C. Docket No. 04-00035-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEON ADAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(September 23, 2005)**

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

David Leon Adams appeals his sentence of 115 months imprisonment,

imposed following his guilty plea for possession of a firearm by a convicted felon.

Adams was indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count 1); one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 (count 2); and one count of possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (count 3). According to the presentence investigation report ("PSI"), when police responded to a robbery call they encountered Adams, who ran from police, throwing his jacket to the ground. After stopping Adams, police searched the jacket and discovered a firearm and crack cocaine. Adams agreed to plead guilty to the § 922(g) offense, in exchange for which the government would seek dismissal of the remaining counts. There was no written plea agreement, but in his notice of intent to plead guilty, Adams admitted that he possessed a firearm and that he had a prior felony conviction. He also acknowledged that the statutory range of punishment included a maximum term of ten years imprisonment. The court accepted the guilty plea.

The probation officer assigned a base offense level of 24 under U.S.S.G. § 2K2.1, with a four-level increase for possession of a firearm in connection with another felony offense - in this case, the possession with intent to distribute crack that formed the basis of count 2 of the indictment. With a two-level reduction for acceptance of responsibility, Adams adjusted offense level was 26. The probation

2

officer then calculated Adams's criminal history category, noting the lengthy history dating back to when Adams was 13 years old. The resulting category was IV, making the applicable guidelines range 92 to 115 months imprisonment. The probation officer recommended a sentence at the high end of the guidelines range.

Adams objected to the four-level increase for possession of a firearm in connection with another felony offense because the enhancement violated due process as set forth in United States v. Booker, 542 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He conceded that the advisory nature of the guidelines rendered any constitutional violation moot, but he claimed that, as his offense predated Booker, application of the remedy violated his due process rights. He further argued that he was entitled to an additional one-level reduction for acceptance of responsibility. Finally, Adams objected to the PSI's reference to the robbery because it implied that he was involved with the robbery. The court overruled the Booker objection, explaining that Booker did not alter the statutory maximum sentence the court could impose. The court also overruled the acceptance-of-responsibility objection because the court could grant an additional one-level reduction only upon the government's motion. The court then dismissed counts 2 and 3, and sentenced Adams to 115 months imprisonment. In determining this sentence, the court stated that the sentence was appropriate given

the nature of Adams's criminal history, the need for punishment, and the likelihood of recidivism.

On appeal, Adams argues that, because he committed his offense before the Supreme Court decided Booker, application of Booker's remedial holding to his sentencing violates due process. He then asserts that the court's factual determination that he possessed a firearm in connection with another felony offense violated Booker's requirements.

After Booker, we review a defendant's sentence for reasonableness. United States v. Winingear, No. 05-11198, manuscript op. at 7 (11th Cir., Aug. 30, 2005); United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). Notably, the same extra-verdict enhancements remain, and the district court considers the same factual evidence in applying the enhancements as it would under a mandatory guidelines scheme. United States v. Williams, 408 F.3d 745 (11th Cir. 2005). Additionally, after Booker, this court applies the same standard of review for applications of guidelines enhancements. Crawford, 407 F.3d at 1178.

Adams raises two issues on appeal, neither of which has any merit. First, this court has rejected Adams's argument that the application of Booker violates due process. Adams had fair warning of the potential statutory maximum sentence he faced by the commission of his offense. See United States v. Duncan, 400 F.3d

4

1297, 1307 (11th Cir.), petition for cert. filed, (No. 05-5467) (Jul. 20, 2005).

Second, the district court added the enhancement for the possession of a firearm in connection with another felony offense for which Adams initially was indicted.[1]  After Booker, the court is still required to correctly calculate the guideline range, and there is no constitutional violation in the use of enhancements under an advisory guidelines scheme.  Booker, 125 S.Ct. at 756, 764-66; Crawford, 407 F.3d at 1178-79; Duncan, 400 F.3d at 1307.  Additionally, because Adams failed to object to the PSI's factual findings, he is deemed to have admitted the facts leading to the enhancement and there is no Booker error.  See United States v. Burge, 407 F.3d 1183, 1191 (11th Cir.), petition for cert. filed, (No. 05-5601) (Jul. 27, 2005); see also Shelton, 400 F.3d at 1330.  Accordingly, the court properly calculated the guidelines range.

Moreover, the sentence imposed was not only within the statutory range but was reasonable.  The district court explained that it found the guidelines range to be adequate and that a sentence at the high end was necessary given the nature of Adams's criminal history, the need for punishment, and the likelihood of recidivism.  As this determination encompasses the criteria of 18 U.S.C. § 3553(a) for imposing sentence, Adams's sentence of 115 months is reasonable.  See

---

[1] The district court properly considered the additional felony offense as relevant conduct under U.S.S.G. § 1B1.3(a).  United States v. Scroggins, 880 F.2d 1212, 1214 (11th Cir. 1989).

5

Winingear, manuscript op. at 10; <u>United States v. Robles</u>, 408 F.3d 1324, 1328

(11th Cir. 2005). Accordingly, we **AFFIRM.**