[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14735
Non-Argument Calendar

_____

D. C. Docket No. 07-00020-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS TIRAN MCCRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 12, 2008)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Carlos Tiran McCray appeals his sentence of 188 months' imprisonment for possession of a firearm by a convicted felon. McCray invites us to revisit our holding in *United States v. Burge*, 407 F.3d 1183, 1190-91 (11th Cir. 2005), that juvenile adjudications provide sufficient safeguards to ensure the reliability required by *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), and thus under the Sixth Amendment are a permissible basis on which to classify a defendant as an armed career criminal and enhance his sentence accordingly. McCray asserts circuit courts are divided over whether *Apprendi*'s exception for prior convictions extends to juvenile adjudications that were not tried by a jury.

We review *de novo* legal questions concerning the Constitution. *United States v. Noel*, 231 F.3d 833, 836 (11th Cir. 2000). In *Apprendi*, 120 S. Ct. at 2362-63, the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Recognizing this exception, we have stated "[t]he government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." *Burge*, 407 F.3d at 1188 (quotations omitted). In *Burge*, we held prior juvenile adjudications fell within *Apprendi*'s prior conviction

2

exception.  *See Burge*, 407 F.3d at 1191 ("At a minimum, however, *Apprendi*'s prior conviction exception is based on the procedural safeguards that attach to a prior conviction or juvenile adjudication.").  "[O]nly the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision." *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir. 2004).

As McCray concedes, *Burge* decides this issue.  A prior juvenile adjudication that is not subject to a jury trial can be used as a basis for a sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Thus, the district court did not err by categorizing McCray as an armed career criminal based on prior juvenile adjudications.

**AFFIRMED.**