[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2008
THOMAS K. KAHN
CLERK

No. 07-14199
Non-Argument Calendar

_____

D. C. Docket No. 07-60114-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 28, 2008)**

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Jesus Manuel Rivera appeals from his 188-month sentence for being a felon

in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). On

appeal, Rivera: (1) acknowledges that Almendarez-Torres v. United States, 523

U.S. 224 (1998), does not require the government to allege prior convictions in the indictment or prove them before a jury, but nonetheless argues that the government should have presented the predicate offenses used to enhance his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to a jury; and (2) argues that the government failed to prove the required three prior convictions for sentencing under the ACCA because it offered no evidence of the prior convictions. After careful review, we affirm.

We review preserved claims of constitutional error de novo. United States v. Williams, 527 F.3d 1235, 1239 (11th Cir. 2008). Normally, we review de novo whether a prior conviction is a serious drug offense within the meaning of the ACCA. United States v. James, 430 F.3d 1150, 1153 (11th Cir. 2005), aff'd on other grounds, 127 S.Ct. 1586 (2007). Rivera, however, did not object to the sufficiency of the evidence to classify him as an armed career offender before the district court, so we review for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Plain error requires the defendant to show: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Cotton, 535 U.S. 625, 631 (2002).

First, we find no merit to Rivera's contention that the district court erred in using prior convictions -- not listed in the indictment -- to enhance his sentence under the ACCA. In Almendarez-Torres, the Supreme Court held the government need not allege in its indictment or prove beyond a reasonable doubt that a defendant had prior convictions in order for the district court to use those convictions to enhance a sentence. United States v. Burge, 407 F.3d 1183, 1188 (11th Cir. 2005) (quotation omitted). We have upheld the continued viability of Almendarez-Torres. See United States v. Gibson, 434 F.3d 1234, 1246-47 (11th Cir. 2006). Thus, prior precedent bars any argument that the district court erred in sentencing a defendant based on convictions not listed in the indictment. United States v. Wade, 458 F.3d 1273, 1278 (11th Cir. 2006).

We also reject Rivera's argument that the district court otherwise erred in relying on his prior convictions. A person who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony," a "serious drug offense," or both, is an armed career criminal and subject to imprisonment for a period of not less than 15 years. 18 U.S.C. § 924(e). The term "serious drug offense" includes, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." Id. at

3

§ 924(e)(2)(A)(ii). Cocaine is listed as a controlled substance. 21 U.S.C. §§ 802(6); 812(c). Under Florida law, possession of cocaine with an intent to sell or deliver the cocaine is a second degree felony punishable by up to 15 years' imprisonment. Fla. Stat. § 893.13(1)(a)(1); Fla. Stat. § 893.03(2)(a)(4); Fla. Stat. § 775.082(3)(c). Failure to object to the facts in the PSI is an admission of those facts. United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006).

Here, Rivera's PSI contained at least three qualifying convictions, and Rivera admitted the underlying facts of the convictions by not objecting to them. See id. Rivera also admitted at sentencing that he qualified for the ACCA enhancement. Therefore, the district court did not err, plainly or otherwise, by enhancing Rivera's sentence under the ACCA.

**AFFIRMED**.