[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2011
JOHN LEY
CLERK

_____

No. 10-15871
Non-Argument Calendar

_____

D.C. Docket No. 9:09-cr-80084-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH NESTOR MICHEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 16, 2011)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

After pleading guilty, Joseph Michel appeals his 87-month sentence for

illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).

After review, we affirm.

On appeal, Michel argues that the district court violated his Fifth and Sixth Amendment rights by imposing a 16-level guidelines enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), based upon Michel's prior felony conviction for armed robbery with a weapon. Michel contends that the district court could not rely on this prior conviction because it was not charged in Michel's indictment or found by a jury beyond a reasonable doubt.

However, as Michel acknowledges, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998). We repeatedly have explained that, even after Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and its progeny Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), we are bound by Almendarez-Torres until it is explicitly overruled by the Supreme Court. See, e.g., United States v. Greer, 440 F.3d 1267, 1273-74 (11th Cir. 2006); United States v. Gibson, 434 F.3d 1234, 1246-47 (11th Cir. 2006).

Michel argues that Almendarez-Torres permits a sentencing court to find only the mere fact of a conviction and that Apprendi, Booker, and Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), bar judge-made findings about the factual nature of the prior convictions. This Court has already rejected this

argument.  See Greer, 440 F.3d at 1275 (explaining that Apprendi, Booker and Shepard do not "forbid a judge from determining the factual nature of a prior conviction," but instead "restrict[] the sources or evidence that a judge (instead of a jury) can consider in making that finding" (quotation marks omitted)).

In any event, at sentencing the district court did not resolve any disputed facts related to Michel's prior conviction for armed robbery with a weapon. Michel objected to the 16-level enhancement only on constitutional grounds. Michel did not object to the fact of his prior conviction (paragraph 26 of his Presentence Investigation Report ("PSI") or argue that his prior conviction did not qualify as a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A).  Thus, Michel admitted the existence and nature of his prior conviction for sentencing purposes.  See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (explaining that there is no statutory Booker error where the defendant's sentence was enhanced based on facts to which the defendant did not object in the PSI at sentencing); United States v. Burge, 407 F.3d 1183, 1191 (11th Cir. 2005).

For all these reasons, the district court did not err in using Michel's prior armed robbery with a weapon conviction in calculating Michel's advisory guidelines range.

**AFFIRMED.**

3