[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 28, 2005
THOMAS K. KAHN
CLERK

No. 04-15943
Non-Argument Calendar

_____

D. C. Docket No. 03-00459-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO SERNA CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 28, 2005)

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Gilberto Serna Castro appeals his convictions and concurrent 108-month

sentences for conspiracy to possess with the intent to distribute 5 kilograms or

more of cocaine while aboard a vessel subject to U.S. jurisdiction, in violation of 46 App. U.S.C. § 1903(j), and possession with the intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to U.S. jurisdiction, in violation of 46 App. U.S.C. § 1903(a) and (g), and 21 U.S.C. § 960(b)(1)(B)(ii). Castro appears to argue that the district court violated his Sixth Amendment rights by calculating his sentence based on facts that neither were contained in his indictment nor admitted during his guilty plea hearing. Castro's sentence was enhanced because of the amount of cocaine involved. The cocaine quantity (at least 150kg) was included in the Presentence Investigation Report ("PSI"). Castro argues that relying on this fact violated his Sixth Amendment rights as explained in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

In Booker, the Supreme Court explicitly reaffirmed the rule first pronounced in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at ___, 125 S.Ct. at 756 (citing Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63). The Supreme Court held that the

2

Federal Sentencing Guidelines violate the Sixth Amendment right to a jury trial to the extent that they permit a judge to increase a defendant's sentence based on facts that are neither found by a jury nor admitted by the defendant. Id. at ___, 125 S.Ct. at 746-56.

In Booker, the Supreme Court also held that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. Booker, 543 U.S. at ___, 125 S.Ct. at 749-52. In a second and separate majority opinion, the Court in Booker "excised" certain sections of the Sentencing Guidelines, thereby effectively rendering them advisory only. Id. at ___, 125 S.Ct. at 764. The Supreme Court noted, however, that courts must continue to consult the Guidelines, together with the factors listed in 18 U.S.C. § 3553(a).[1] Id.

We have explained that there are two types of Booker error: (1) Sixth Amendment error based upon sentencing enhancements neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system.

---

[1] These factors include, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a).

United States v. Shelton, 400 F.3d 1325, 1329-31 (11th Cir. 2005).

Because Castro did not raise a Booker claim in the district court, we review his case for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). An appellate court may not correct an error that the defendant failed to raise in the district court unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights." Id. (quotation omitted). The third prong of the plain error test requires:

> that an error have affected substantial rights, which almost always requires that the error must have affected the outcome of the district court proceedings. The standard for showing that is the familiar reasonable probability of a different result formulation, which means a probability sufficient to undermine confidence in the outcome.

Id. at 1299 (quotations, citation, and alterations omitted). Regarding the third prong, "it is the defendant rather than the government who bears the burden of persuasion with respect to prejudice." Id. (quotation and alteration omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1298 (quotation omitted).

**Constitutional Booker Error**

The first question is whether the district court even committed error, the first prong of the plain error inquiry. Castro asserts that the district court improperly enhanced his sentence based on facts that were neither found by a jury nor admitted by Castro. He objects to the enhancement of his sentence based on the quantity of cocaine, which was included in the PSI. If Castro admitted the drug quantity, then there was no error in using this fact in sentencing. The government contends that Castro admitted to the drug quantity by not objecting to the PSI. See United States v. Burge, 407 F.3d 1183, 1191 (11th Cir. 2005) (rejecting appellant's Booker challenge because appellant admitted the facts regarding his conduct by abandoning at sentencing his objections to various factual statements in the PSI), petition for cert. filed, (U.S. July 27, 2005) (No. 05-56011); Shelton, 400 F.3d at 1330. At sentencing, however, Castro also stated that he was not admitting any of the facts in the PSI, albeit after the district court already had adopted the facts of the PSI without objection.

It is not necessary for this court to determine whether Castro admitted to the drug quantity because even if the district court erred, Castro fails on the third prong of the plain error inquiry. Castro's claim cannot succeed unless the error affected his substantial rights. Castro has not satisfied his burden to show that the error affected his substantial rights. The likelihood of a different result is purely

speculative without a clear statement or sign from the district court that, but for the mandatory Guidelines, the court would have imposed a lighter sentence.  See Rodriguez, 398 F.3d at 1301.  Here, the record does not contain such evidence.  Thus, the district court did not plainly err in sentencing Castro based on the higher drug quantity.

**Statutory Booker Error**

Although Castro failed to argue it clearly, we will review the statutory error for plain error.  The district court committed an error that was plain by treating the Guidelines as mandatory.  See Booker, 543 U.S. at ___, 125 S.Ct. at 749-52.  However, the district court did not comment on whether it would have imposed a different sentence under an advisory Guidelines system.  Although the district court judge sentenced Castro at the bottom-end of the Guideline range, a sentence at the low end of the Guidelines range, alone, is insufficient to satisfy the burden of proving that the error affected a defendant's substantial rights.  See United States v. Fields, 408 F.3d 1356, 1361 (11th Cir. 2005) (under plain-error review, holding that the fact that the defendant was sentenced to the bottom of the mandatory Guideline range, without more, is insufficient to satisfy the third prong's requirement that the defendant show a reasonable probability of a lesser sentence under an advisory Guidelines system), petition for cert. filed, (U.S. June 29, 2005)

6

(No. 05-5157). As discussed above, the district court judge did not make any statements indicating that she would have imposed a lower sentence had the Guidelines been merely advisory. Thus, Castro cannot satisfy his burden of proving that the error affected his substantial rights under the third prong of the plain-error test because he cannot show that the error "affected the outcome of the district court proceedings." See Rodriguez, 398 F.3d at 1299. Accordingly, we affirm the district court.

      **AFFIRMED.**