[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 15, 2005
THOMAS K. KAHN
CLERK

No. 05-12442
Non-Argument Calendar

_____

D. C. Docket No. 04-20689-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICO VILCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 15, 2005)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Frederico Vilchez pled guilty to a charge for illegal reentry after deportation,

in violation of 8 U.S.C. § 1326(a) and (b)(1), and was sentenced to 41 months of imprisonment. Vilchez argues on appeal that the use of the prior convictions to enhance his sentence violated his Fifth and Sixth Amendment rights and that the use of an unproven and unadmitted prior conviction to enhance his sentence under the advisory Sentencing Guidelines violates the Ex Post Facto and Due Process Clauses. After review, we AFFIRM.

## I. BACKGROUND

According to the facts stipulated to at the plea hearing, Vilchez is a Peruvian citizen who was previously deported from the United States in 1996. In April 2004, he was incarcerated in a Dade County Jail, charged with false imprisonment, stalking, battery, threatening to tamper with a witness, driving under the influence, and driving without a license. The government charged him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). Under § 1326(b)(1), Vilchez's prior felony drug convictions increased the statutory maximum sentence from two years, under § 1326(a), to ten years. The district court sentenced Vilchez to 41 months imprisonment, which is above the two-year maximum under § 1326(a).

The central issue raised in this case involves the appellant's claim that the

2

government is obligated to prove his prior drug convictions in the guilt determination phase of his case in order to use them at the sentencing hearing. Vilchez makes a half-hearted attempt to distinguish binding circuit precedent but admits that his main purpose is to preserve the issue for petition for certiorari to the United States Supreme Court.

## II. DISCUSSION

Vilchez objected to the government's failure to allege in the indictment his prior convictions, which resulted in a increased statutory maximum sentence under 8 U.S.C. § 1326(b)(1), and to the enhancement of his offense level under the Guidelines in the district court. We review these claims de novo on appeal, and reverse the later only for harmful error. United States v. Candelario, 240 F.3d 1300, 1306 (11th Cir. 2001); United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam).

The Supreme Court established in Almendarez-Torres v. United States that a defendant's prior conviction, in the context of the increased-penalty provision of 8 U.S.C. § 1326(b), is merely a sentencing factor that does not have to be submitted to the jury and proved beyond a reasonable doubt. 523 U.S. 224, 247, 118 S. Ct. 1219, 1232–33 (1998). The Court held that the use of a prior conviction as a

3

sentencing factor does not violate the Due Process Clause. Id. at 239–41, 247, 118 S. Ct. at 1229, 1233. The Court later held in Apprendi v. New Jersey that "[o]ther than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63 (2000). The Court also stated that "we need not revisit [Almendarez-Torres] for purposes of our decision today to treat the case as a narrow exception to the general rule." Id. at 490, 120 S. Ct. at 2362.

In Blakely v. Washington, the Supreme Court, in examining the state of Washington's sentencing guidelines, held that the imposition of a sentencing enhancement must be supported by facts that were either admitted by the defendant or found beyond a reasonable doubt by the jury. 542 U.S. 296, 303–04, 124 S. Ct. 2531, 2537–38. In United States v. Booker, the Supreme Court extended the reasoning of Blakely to the federal Sentencing Guidelines, concluding that the mandatory nature of the Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. 543 U.S. at ___, 125 S. Ct. 738, 749–51 (2005). The Court excised several sections of the Guidelines, making the Guidelines advisory, not mandatory. Id. at ___, 125 S. Ct. at 756–57. In extending its holding in Blakely to the Federal Guidelines, the Court, in Booker,

4

explicitly reaffirmed its rationale in Apprendi that a fact, other than a prior conviction, that supports a sentence exceeding the statutory maximum must be admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt. Id. at ___, 125 S. Ct. at 756.

In United States v. Marseille, we declined to interpret the Supreme Court's rationale in Apprendi as overruling the prior Supreme Court holding in Almendarez-Torres that the government "need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." 377 F.3d 1249, 1257 (11th Cir.), cert. denied, 125 S. Ct. 637 (2004). We later clarified that the Supreme Court's decision in Almendarez-Torres "was left undisturbed by Apprendi, Blakely, and Booker." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).

Vilchez presents two arguments on this appeal. First, he argues that a prior conviction that was not listed in the indictment, proven beyond a reasonable doubt, or admitted cannot be used to increase his statutory maximum from two years to ten years under 18 U.S.C. § 1326(b)(1). Second, he contends that the sentencing court violated his constitutional rights at sentencing by enhancing his offence level pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (2004). We address these in turn.

5

A.  8 U.S.C. § 1326(b)(1)

There is a two-year maximum sentence for aliens who illegally attempt to re-enter the United States after being deported.  8 U.S.C. § 1326(a).  However, if an alien's initial deportation was subsequent to that person's conviction for the commission of three or more misdemeanors involving drugs or a felony, the statutory maximum increases to ten years.  8 U.S.C. § 1326(b)(1).

In this case, the district court correctly relied on Vilchez's prior convictions to sentence him in accordance with the increased penalty provision of § 1326(b)(1).  See Almendarez-Torres, 523 U.S. at 247, 118 S. Ct. at 1232–33.  For the Sixth Amendment, Booker made clear that prior convictions need not be admitted to by a defendant or proven to a jury beyond a reasonable doubt.[1]  543 U.S. at ___, 125 S. Ct. at 756.  Therefore, because Almendarez-Torres remains good law, we reject Vilchez's claim that the increase in his statutory maximum sentence from two years to ten years under 8 U.S.C. § 1326(b)(1) violated his Fifth or Sixth Amendment rights.  See Shelton, 400 F.3d at 1329.

---

[1] Furthermore, Vilchez did not object to the truth of the facts of his prior convictions. His objection was to the use of those convictions at sentencing without first listing them in the indictment or proving them beyond a reasonable doubt.  Therefore, for Booker purposes, Vilchez admits the facts of his past convictions, and their use at sentencing was not improper.  See United States v. Burge, 407 F.3d 1183, 1191 (11th Cir.), cert. denied, 126 S. Ct. 551 (2005).

B.  U.S.S.G. § 2L1.2(b)(1)(A)

Vilchez's offense level was increased from 8 to 24, pursuant to U.S.S.G. § 2L1.2(b)(1)(A).  That section provides for a 16-level increase to a defendant's base offense level if the defendant was previously deported or unlawfully remained in the United States after, inter alia, a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months.  U.S.S.G. § 2L1.2(b)(1)(A).

In United States v. Duncan, we held that, post-Booker, when a defendant was sentenced to the statutory maximum for offenses committed pre-Booker, that defendant had "sufficient warning" to satisfy due process and ex post facto concerns.  400 F.3d 1297, 1308 (11th Cir.), cert. denied, 126 S. Ct. 432 (2005).

In this case, Vilchez knew at the time the offense was committed that the Guidelines allowed the judge to engage in judicial fact-finding and that ten years' imprisonment was a potential consequence of his actions.  Therefore, there was no ex post facto or due process violation.  See Duncan, 400 F.3d at 1307.  As to Vilchez's argument that the district court's enhancement of his sentence under the Guidelines violated his Sixth Amendment right to a jury trial, the Supreme Court, in Booker, held that it was the mandatory nature of the Sentencing Guidelines that implicated the Sixth Amendment.  Booker, 543 U.S. at ___, 125 S. Ct. at 750.

7

Here, the district court acknowledged that it was applying the Guidelines as advisory. Therefore, under <u>Booker</u>, Vilchez's Sixth Amendment rights were not violated. Furthermore, because <u>Almendarez-Torres</u> remains good law, there is no Sixth Amendment violation by applying a Guidelines sentencing enhancement based on prior convictions. <u>United States v. Camacho-Ibarquen</u>, 410 F.3d 1307, 1315–16 (11th Cir.) (per curiam), <u>cert. denied</u>, 126 S. Ct. 457 (2005).

### III. CONCLUSION

Vilchez appealed the determination of his sentence following a guilty plea. We find no error. **AFFIRMED**.