[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**No. 05-11214**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-20467-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY LEE MORRIS, JR.,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Southern District of Florida**

_____

**(December 21, 2005)**

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Johnny Lee Morris was indicted along with three codefendants for

conspiracy to commit bank robbery, in violation of 18 U.S.C. §371 (Count 1), bank robbery, in violation of 18 U.S.C. § 2113 (Count 2), and using and brandishing a firearm in connection with another offense, in violation of 18 U.S.C. § 924(c) (Count 3).[1] Morris agreed to plead guilty to all three counts without a plea agreement.

At the change-of-plea hearing, the government made the following proffer: Morris, Cedric Walker, and an unidentified man entered a bank in Florida. Morris and Walker produced guns while the third person jumped the counter and removed money from the drawers. Morris pointed his gun at the teller and bank customers until the three men escaped. Morris was arrested and confessed that he was recruited for the robbery and given the firearm.

Morris entered his plea, admitting that he had pointed a gun in the direction of the customers and tellers, but disputing that he had confessed. The court accepted Morris's plea.

The probation officer prepared a presentence investigation report ("PSI") grouping Counts 1 and 2 together[2] under U.S.S.G. § 3D1.2 and assigning a base offense level of 20 under the guideline for armed robbery, U.S.S.G. § 2B3.1. The

---

[1] The indictment also included two other counts, which involved only Morris's codefendants.

[2] Count 3 was not included in the guidelines calculations because it carried a mandatory minimum sentence that was required to run consecutively to the other counts.

offense level was increased by 2 levels because the property taken belonged to a financial institution, U.S.S.G. § 2B3.1(b)(1), and by another 2 levels because the amount taken was greater than $50,000 but less than $250,000, U.S.S.G. § 2B3.1(b)(7)(C). The probation officer then included a three-level reduction for acceptance of responsibility. With an total offense level of 21 and a criminal history category III, Morris's guidelines range for Counts 1 and 2 was 46 to 57 months imprisonment, to run consecutively to the 84-month (7-year) mandatory minimum on Count 3.

Morris objected to the PSI's characterization that he brandished the firearm when he entered the bank, asserting instead that he brandished the firearm after he entered the bank. He noted that, although he had brandished the gun, he did not fire any shots, there were no injuries during the robbery, and he had not threatened any specific person with the firearm. Morris also moved for a downward departure and he argued that the mandatory minimum sentence was more than adequate to meet the sentencing goals set forth in 18 U.S.C. § 3553(a).

At sentencing, the court denied the downward departure, finding that there was no difference between brandishing a firearm and merely holding one during a bank robbery. The court further stated that, although it would depart if given an appropriate reason, there was no such reason in this case. The court indicated,

3

however, that it would sentence Morris slightly, but not much, below the guidelines range given that the offense was serious and required a substantial sentence. According to the court, it could not simply let Morris off because the statute and the guidelines were designed to give a range of punishment and there was no compelling reason to go lower than that range. The government asserted that a sentence below the range was inappropriate, and it proffered pictures showing Morris pointing a firearm in the direction of a bank teller. After viewing the pictures, the court decided not to sentence Morris below the guidelines range. The court then adopted the PSI calculations and sentenced Morris to 46 months imprisonment on Counts 1 and 2, to run consecutively to the 84-month mandatory minimum sentence on Count 3. In imposing sentence, the court stated that it had considered the factors set forth in § 3553(a), and that the guidelines range reflected the seriousness of the offense and provided a just and reasonable punishment. The court further stated that it was "constrained to render sentence which is within the advisory guidelines range" due to the seriousness of the offenses and the need for punishment. Morris had no objections to the sentence, but asked the court to confirm that it had changed its mind about departing from the guidelines range.

On appeal, Morris argues that the court erred by initially indicating that it would depart but then changing its mind. He contends that the court was obligated

to consider the guidelines as advisory only and that the factors in § 3553(a) demonstrate that the seven-year mandatory minimum would have been more than adequate to address the concerns in § 3553(a).

After Booker, we review a defendant's sentence for reasonableness.[3] United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). Additionally, after Booker this court's review of a district court's decision not to depart downward remains limited. Winingear, 422 F.3d at 1244. Accordingly, this court lacks jurisdiction to review the denial of a downward departure unless it appears that the district court mistakenly believed that it lacked authority to depart. Id.

Here, there is nothing in the record that indicates the district court mistakenly believed it lacked the authority to depart. Rather, the record reflects that the court originally intended to depart but changed its mind after reviewing the evidence. Although Morris argues that this change was improper, he offers no support for this position. Moreover, the district court considered the facts of the case in reaching its conclusion that a departure was not justified. Accordingly, we

---

[3] Morris does not challenge the extra-verdict enhancements applied in his sentencing, but in any event there was no error as he admitted the facts leading to the enhancements. United States v. Burge, 407 F.3d 1183 (11th Cir. 2005). Notably, after Booker, the same extra-verdict enhancements remain, and the district court considers the same factual evidence in applying the enhancements as it would under a mandatory guidelines scheme. United States v. Williams, 408 F.3d 745 (11th Cir. 2005).

lack jurisdiction to review the denial of a downward departure.

Nevertheless, upon review, we conclude that Morris's sentence is reasonable. The court indicated that it had considered the § 3553(a) sentencing factors and that the lengthy sentence was necessary given the seriousness of the crime and the need for punishment. The court was not required to specify all of the § 3553(a) sentencing factors it considered in reaching a reasonable sentence. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005); United States v. Robles, 408 F.3d 1324 (11th Cir. 2005).

Here, Morris faced an 84-month mandatory minimum sentence that was statutorily required to run consecutively to the sentence imposed on the remaining counts.[4] The district court sentenced Morris at the low end of the guidelines range on the remaining counts after considering the § 3553(a) sentencing factors. Scott, 426 F.3d at 1329-30. Accordingly, we conclude that the sentence imposed was reasonable, and we **AFFIRM.**

---

[4] Although not raised by Morris, this court has held that § 5G1.2, which requires consecutive sentences for certain offenses, remains binding after Booker. United States v. Magluta, 418 F.3d 1166 (11th Cir. 2005).