[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2006
THOMAS K. KAHN
CLERK

No. 05-15344
Non-Argument Calendar

_____

D. C. Docket No. 05-00122-CR-J-25-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICENTE MALDONADO-ASENCIO,
a.k.a. Felix Antonio Poso,
a.k.a. Edwin Maldonado-Poso,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 30, 2006)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Vincente Maldonado-Asencio appeals the 70-month sentence imposed following his guilty plea to unlawfully entering the United States, 8 U.S.C. § 1327. Under U.S.S.G. § 2L1.2(b)(1)(A)(i), a defendant's offense level is enhanced 16 levels if he was previously deported after conviction for a felony drug trafficking offense for which a sentence of more than 13 months was imposed.

The § 2L1.2(b)(1)(A)(i)enhancement was applied in this case. Maldonado-Asencio contends that it should not have been because, in his view, a prior aggravated felony conviction is an element of the offense under 8 U.S.C. § 1362(B)(2). For that reason, he says, the sentence imposed unconstitutionally exceeds the statutory maximum for the offense based on the facts admitted by him or charged in the indictment.

Maldonado-Asencio's position is precluded by Almendarez-Torres v. United States, 523 U.S. 224, 247, 118 S. Ct. 1219, 1233, 140 L.E.2d 350 (1999), and our many decisions attesting to that decision's continuing validity and applying it. See United States v. Greer, 2006 WL 435662, *5-6, ___ F.3d ___, ___ (11th Cir. Feb. 24, 2006) ("As we have said several times, unless and until the Supreme Court specifically overrules Almendarez-Torres, we will continue to follow it."); United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n. 3 (11th Cir.2005) ("[T]he Supreme Court has not explicitly overruled Almendarez-Torres. As a result, we

must follow Almendarez-Torres."); United States v. Burge, 407 F.3d 1183, 1188 (11th Cir.), cert. denied, 126 S. Ct. 551 (2005); United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir.2005); United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir.), cert. denied, 126 S. Ct. 223 (2005); United States v. Marseille, 377 F.3d 1249, 1257-58 (11th Cir.2004); United States v. Guadamuz-Solis, 232 F.3d 1363 (11th Cir.2000) ("Almendarez-Torres remains the law until the Supreme Court determines that Almendarez-Torres is not controlling precedent."); United States v. Miles, 290 F.3d 1341, 1348 (11th Cir.2002). The facts of this case are not materially distinguishable from the facts of those cases. A prior conviction is not an element of the offense under 8 U.S.C. § 1326(b)(2), regardless of whether the defendant admits to it.

**AFFIRMED.**