[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12068
Non-Argument Calendar

_____

D. C. Docket No. 05-00086-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE LEE JOHNSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 24, 2006)**

Before ANDERSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Freddie Lee Johnson, Jr., appearing pro se, appeals his sentences following his guilty plea, which was made pursuant to a written plea agreement, to two counts of possession with the intent to distribute and distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). The plea agreement contained a sentence appeal waiver stating that Johnson waived his right to appeal his sentence or challenge it collaterally on any ground, including the ground that the district court erred in determining the guideline range, except: (1) that the sentence exceeded his applicable guideline range as determined by the court; (2) that the sentence exceeded the statutory maximum; and (3) that the sentence violated the Constitution. At Johnson's change-of-plea hearing, he admitted that he sold crack cocaine, and, when the magistrate judge questioned him regarding the waiver, he indicated that he understood the terms of the waiver.

On appeal, Johnson argues that the district court violated his Fifth Amendment and Sixth Amendment rights because the government did not prove beyond a reasonable doubt that the substance he distributed was crack cocaine, as opposed to some other form of cocaine.

We review constitutional errors in sentencing de novo, but will reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). However, if the defendant fails to object before the district court, we review for

2

plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert.

denied, 125 S.Ct. 2935 (2005). Under this standard of review, there must be (1) an

error, (2) that is plain, and (3) that affects substantial rights. Id. If these three

conditions are met, we may notice the error only if "the error seriously affects the

fairness, integrity, or public reputation of judicial proceedings." Id. (citation and

quotation marks omitted).

In Booker, the Supreme Court held that the federal sentencing guidelines

violate the Sixth Amendment right to a trial by jury to the extent that they permit a

judge to increase a defendant's sentence based on facts that are neither found by

the jury nor admitted by the defendant. Booker, 543 U.S. at 244, 125 S.Ct. at 756.

The Court held that the federal sentencing guidelines are advisory, and district

courts should take the guidelines into account when considering the sentencing

factors set forth in 18 U.S.C. § 3553(a). Id. at 245-46, 125 S.Ct. at 756-57.

However, if the district court applies the guidelines as advisory, nothing in Booker

prohibits district courts from making, under a preponderance-of-the-evidence

standard, additional factual findings that go beyond a defendant's admission.

United States v. Chau, 426 F.3d 1318, 1324 (11th Cir. 2005). In United States v.

Burge, 407 F.3d 1183, 1191 (11th Cir.), cert. denied, 126 S.Ct. 551 (2005), we

held that "Burge waived his objections to the factual statements about his relevant

3

conduct in the [presentence investigation report ("PSI")] and therefore, admitted the facts in the report."

The sentencing guidelines define "cocaine base" as "crack" cocaine. U.S.S.G. § 2D1.1 n(D). "'Crack'" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate." Id.

We review Johnson's claim for plain error because he raises it for the first time on appeal. The district court correctly calculated Johnson's offense level based on his possession and distribution of cocaine base, which is defined as crack, because (1) Johnson admitted at his plea hearing that he sold crack; (2) he failed to object to the PSI's factual statement that he distributed cocaine base; (3) he indicated that he agreed with the factual basis for the plea, which stated that he sold crack to a confidential source; and (4) the indictment charged him with distributing "cocaine base, crack cocaine," as opposed to some other form of cocaine. Further, his reliance on Booker is misplaced because the court did not increase his sentence based on facts that were not admitted by him. Accordingly, the district court did not violate Johnson's Fifth and Sixth Amendment rights.

Johnson also argues that the district court should have applied the rule of lenity and calculated his guideline range using cocaine rather than crack cocaine.

4

However, for the reasons set forth more fully below, Johnson has waived his right to appeal this issue.

We review the validity of an appeal waiver provision of a plea agreement de novo. United States v. Weaver, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001). An appeal waiver is valid if it was entered into knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). For an appeal wavier to be enforced, the government must show that either: (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the plea hearing, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. Id. at 1351.

"The 'rule of lenity' requires that actual ambiguities in criminal statutes, including sentencing provisions, be resolved in favor of criminal defendants." United States v. Lazo-Ortiz, 136 F.3d 1282, 1286 (11th Cir. 1998). We apply the rule of lenity "only if the provision being construed is still ambiguous after application of the normal rules of [statutory] construction. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005).

Johnson's claim that the district court erred by not applying the rule of lenity is covered by the appeal-waiver provision in his plea agreement because whether

5

21 U.S.C. § 841(b) and the sentencing guidelines are ambiguous is a matter of statutory interpretation, rather than a constitutional issue. The appeal waiver was knowing and voluntary because the district court questioned Johnson about the appeal waiver during the Rule 11 colloquy, and Johnson indicated that he understood the waiver. Accordingly, we dismiss Johnson's rule of lenity claim.

**AFFIRMED IN PART, DISMISSED IN PART.**