[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-11181
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 3, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-14070-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK GRANT BALLARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 3, 2008)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Frederick Grant Ballard appeals his sentence, imposed after he pled guilty to possession with intent to distribute methamphetamine and possession of a firearm by a convicted felon, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1). Ballard argues that (1) the district court violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny in determining the amount of methamphetamine for which he was responsible; (2) used an amount of methamphetamine not supported by the evidence; and (3) imposed a procedurally unreasonable sentence. For the reasons set forth more fully below, we affirm.

Ballard was charged by information that was silent as to the amount of methamphetamine involved in his offense. At his change-of-plea hearing, the government indicated that it could prove that 1.9 grams of actual methamphetamine were confiscated from Ballard's home. In a presentence investigation report ("PSI"), the probation officer indicated that a Drug Enforcement Agency ("DEA") lab report showed that 31.5 grams of a substance containing methamphetamine, namely 1.9 grams of actual methamphetamine, were confiscated from Ballard's home. Accordingly, the PSI set Ballard's base offense level at 22. In his objections to the PSI, Ballard argued that he should not be sentenced according to the total weight of the substance confiscated, since he pled

guilty only in reference to the amount of actual methamphetamine found therein, such that his base offense level should be set at 18. Ballard alternatively objected that the substance confiscated weighed less than 30 grams.

At his sentencing hearing, Ballard indicated that his was "purely a legal objection" based on Apprendi and did not pursue any alternative argument that the substance confiscated weighed less than 30 grams. The district court overruled the legal objection and adopted the PSI. Also at this hearing, Ballard indicated that he was addicted to methamphetamine and requested drug treatment while incarcerated. The district court acknowledged that it had considered these statements, the PSI, the advisory Sentencing Guidelines, and "other factors" and imposed a 57-month sentence. The district court also ordered that Ballard receive substance abuse counseling while incarcerated.

## I. Apprendi

Pursuant to 21 U.S.C. § 841(b), a defendant found guilty of an offense involving 50 grams or more of methamphetamine or 500 grams or more of a mixture containing methamphetamine is subject to a term of imprisonment between 10 years and life. 21 U.S.C. § 841(b)(1)(A)(viii). A defendant found guilty of an offense involving 5 grams or more of methamphetamine or 50 grams or more of a mixture containing methamphetamine is subject to a term of

3

imprisonment between 5 and 40 years. 21 U.S.C. § 841(b)(1)(B)(viii). A defendant found guilty of an offense involving any other amount of methamphetamine or a mixture containing methamphetamine is subject to a term of imprisonment no greater than 20 years. 21 U.S.C. § 841(b)(1)(C).

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490-93, 120 S.Ct. at 2362-64. In Blakely v. Washington, 542 U.S. 296, 301, 303-04, 124 S.Ct. 2531, 2536, 2537, 159 L.Ed.2d 403 (2004), the Supreme Court clarified that the relevant "statutory maximum for Apprendi purposes is the maximum a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

In United States v. Booker, 543 U.S. 220, 243-44, 125 S.Ct. 738, 755-56, 160 L.Ed.2d 621 (2005), the Supreme Court applied Blakely to the Guidelines and reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." The Booker Court also held that the Guidelines are advisory. Id. at 261, 125 S.Ct. at 765. Accordingly, after Booker, there are two

4

types of error that a district court might commit in sentencing a defendant: constitutional error, which "occurs when extra-verdict enhancements are used to reach a result under [the Guidelines] that is binding on the sentencing judge," and statutory error, which "consists in sentencing a defendant under the Guidelines as if they were mandatory and not advisory, even in the absence of a Sixth Amendment violation." United States v. Lee, 427 F.3d 881, 891 (11th Cir. 2005), cert. denied, 126 S.Ct. 1447 (2006).

In United States v. Burge, 407 F.3d 1183, 1191 (11th Cir.), cert. denied, 546 U.S. 981 (2005), we considered whether the district court had violated Blakely by applying a firearm-enhancement. We noted that, while the defendant had challenged the enhancement in his objections to the PSI, he had abandoned the challenge at his sentencing hearing and, therefore, had impliedly admitted the facts necessary for the enhancement. Id. We concluded that application of the enhancement was not unconstitutional. Id.

The district court did not commit constitutional error under Apprendi and its progeny. The district court did not impose a sentence beyond that authorized by the facts established by Ballard's guilty plea. See Apprendi, 530 U.S. at 490-93, 120 S.Ct. at 2362-64; Booker, 543 U.S. at 243-44, 125 S.Ct. at 755-56. In pleading guilty to possession with intent to distribute any quantity of

methamphetamine, Ballard became subject to up to 20 years' imprisonment. See

21 U.S.C. § 841(b)(1)(C). Ballard's ultimate 57-month sentence did not exceed

this statutory maximum. Moreover, Ballard admitted his responsibility for 31.5

grams of methamphetamine. See Burge, 407 F.3d at 1191. At his sentencing

hearing, Ballard expressly stated that his was a legal objection based on Apprendi.

Therefore, he abandoned any objection to the PSI's factual drug-amount finding.

See Burge, 407 F.3d at 1191.[1] The district court also did not commit statutory

error under Apprendi and its progeny. At the sentencing hearing, the district court

expressly stated that it had treated the Guidelines as advisory. Accordingly, we

affirm Ballard's sentences as to this issue. See Booker, 543 U.S. at 243-44, 261,

125 S.Ct. at 755-56, 765.

## II. Drug Amount

When a defendant raises a sentencing objection for the first time on appeal,

as here, we review for plain error. United States v. Dorman, 488 F.3d 936, 942

(11th Cir.), cert. denied, 128 S.Ct. 427 (2007). The Guidelines' drug quantity table

sets the base offense level for offenses involving at least 30 grams, but less than 40

---

[1] While Ballard did raise an alternative objection that he was responsible for less than 30 grams of methamphetamine in response to the PSI, he expressly stated at the sentencing hearing that he had only a legal objection and did not pursue any arguments as to the alternative objection. In any event, as noted above, Ballard was sentenced well within the statutory maximum of 20 years' imprisonment applicable to an offense involving any quantity of methamphetamine. See 21 U.S.C. § 841(b)(1)(C).

grams, of methamphetamine, or at least 3 grams, but less than 4 grams of methamphetamine (actual), at 22. U.S.S.G. § 2D.1(a)(3). The drug quantity table sets the base offense level for offenses involving at least 10 grams, but less than 20 grams, of methamphetamine, or at least 1 gram, but less than 2 grams, of methamphetamine (actual), at 18. Id. Pursuant to the commentary to the drug quantity table, the term "Methamphetamine (actual)" refers to the weight of the controlled substance contained in the mixture or substance in question. U.S.S.G. § 2D1.1, Drug Quantity Table, comment. (n. B). Also pursuant to the commentary, when an offense involves a mixture or substance of methamphetamine, the district court should "use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), whichever is greater." Id. When a defendant fails to object to a finding of fact contained in the PSI, the district court is entitled to rely upon that finding. United States v. Perez-Tosta, 36 F.3d 1552, 1564 (11th Cir. 1994).

The evidence supports the district court's finding that Ballard was responsible for 31.5 grams of methamphetamine. The PSI stated that a DEA lab report indicated that the substance confiscated from Ballard's home weighed 31.5 grams. Ballard has conceded that the lab report included this amount and has not

7

argued that the report was not credible. Furthermore, Ballard has provided no argument as to why he should be held responsible for less than 31.5 grams of methamphetamine. Moreover, to the extent the district court relied on the PSI's factual finding as to drug amount, it was entitled to do so, as Ballard had abandoned any objection to this finding of fact. See Perez-Tosta, 36 F.3d at 1564. The record also supports the district court's decision to hold Ballard responsible for 31.5 grams of methamphetamine, rather than 1.9 grams of actual methamphetamine. The base offense level for a defendant responsible for 31.5 grams of methamphetamine is higher than that for a defendant responsible for 1.9 grams of actual methamphetamine. See U.S.S.G. § 2D1.1(c). Accordingly, the district court did not commit plain error in determining the appropriate drug amount, and we affirm Ballard's sentences as to this issue. See Dorman, 488 F.3d at 942.

### III. Procedural Reasonableness

We can review a sentence for procedural or substantive unreasonableness. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). A sentence may be procedurally unreasonable if it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence. Id. A sentence may be substantively unreasonable, regardless of the procedure used. Id.

8

In determining if the district court imposed a reasonable sentence, we refer to the factors set out in § 3553(a). United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006). Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider certain factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the guideline imprisonment range, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1), (4), and (6).

We do not require the district court to discuss or to state that it has explicitly considered each factor of § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Instead, an explicit acknowledgment that the district court has considered the defendant's arguments and the § 3553(a) factors will suffice. United States v. Scott, 436 F.3d 1324, 1329-30 (11th Cir. 2005). Also, we have upheld a sentence as reasonable, even though the district court failed to articulate

9

that it had considered any of the § 3553(a) factors, because the record made clear that the district court had considered the relevant factors, as it had considered the defendant's objections and a motion for downward departure filed by the dependant. Dorman, 488 F.3d at 944. Indeed, the Supreme Court recently explained that, "when the record makes clear that the sentencing judge considered the evidence and arguments," the district court need not explain its choice of sentence beyond a brief statement, especially when a case is conceptually simple. Rita v. United States, - - U.S. - -, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007).

While the district court did not expressly acknowledge that it had considered the § 3553(a) factors, the record indicates that the district court considered all relevant evidence. See Dorman, 488 F.3d at 944; Rita, - - U.S. at - -, 127 S.Ct. at 2469. The district court explicitly acknowledged that it had considered the PSI and the Guidelines. The district court also explicitly acknowledged that it had considered Ballard's explanation that he was addicted to methamphetamine and request of drug treatment. Accordingly, the district court considered the need to provide medical care and the nature and characteristics of Ballard. See 18 U.S.C. § 3553(a)(1), (2). Moreover, Ballard has not argued, and the record does not demonstrate, that any factor of this case was complex, such that an extensive explanation of the district court's choice of sentence was required. See Rita, - - U.S. at - -, 127 S.Ct. at 2469. Accordingly, Ballard's sentence was not procedurally unreasonable, and we affirm his sentences as to this issue.

10

**AFFIRMED.**