[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13336
Non-Argument Calendar

_____

D. C. Docket No. 07-20109-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EBER ALTUBE-FUENTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 23, 2008)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Eber Altube-Fuentes appeals his sentence of 71 months of imprisonment

following a plea of guilty to illegal reentry following a felony conviction. See 8

U.S.C. §§ 1326(a), (b)(2). Altube-Fuentes argues that his sentence, which is within

the guideline range of 57 to 71 months, is unreasonable because it is more severe

than necessary to fulfill the statutory goals of the Sentencing Reform Act. See 18

U.S.C. § 3553(a). He argues that the district court failed to consider adequately his

mitigating factors and relied too heavily on the single factor of his repeated illegal

entry into the United States. We disagree and affirm.

We review a sentence for reasonableness, United States v. Talley, 431 F.3d

784, 785 (11th Cir. 2005), which is "a deferential abuse-of-discretion standard,"

Gall v. United States, 128 S. Ct. 586, 598 (2007). We "must first ensure that the

district court committed no significant procedural error, such as failing to calculate

(or improperly calculating) the Guidelines range, treating the Guidelines as

mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on

clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall,

128 S. Ct. at 597. We then "consider the substantive reasonableness of the

sentence imposed under an abuse-of-discretion standard." Id. "[W]hen the district

court imposes a sentence within the advisory Guidelines range, we ordinarily will

expect that choice to be a reasonable one." Talley, 431 F.3d at 788.

The district court did not abuse its discretion. The district court sentenced

2

Altube-Fuentes after careful consideration of Altube-Fuentes's arguments in favor of mitigation, the advisory sentencing Guidelines, and the sentencing factors of section 3553(a). The district court stated that Altube-Fuentes's criminal history and repeated reentry after deportation established that "Mr. Altube, for whatever reason, doesn't seem to get the message that he is not authorized to be in the country." We have consistently concluded that recidivism is not only a proper reason to increase a sentence, but the most ubiquitous reason. See United States v. Burge, 407 F.3d 1183, 1188 (11th Cir. 2005). Altube-Fuentes's sentence within the advisory guidelines range was reasonable.

Altube-Fuentes's sentence is **AFFIRMED.**