[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15183
Non-Argument Calendar

_____

D. C. Docket No. 07-00024-CR-4-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 31, 2008)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Derrick Williams ("Williams") appeals his sentence of 188 months imprisonment, imposed following his guilty plea for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Williams contends that the Armed Career Criminal Act ("ACCA") should not have applied and that the district court erred because 1) the court relied on a juvenile petition to determine whether Williams used a firearm in connection with his conviction of aggravated assault with a deadly weapon, and 2) the court, in determining that the ACCA applied, considered a juvenile conviction that was not itself charged in the indictment and decided by a jury. For the reasons below, we affirm.

## I. Background

Williams was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The government served notice that Williams qualified for the fifteen-year mandatory minimum sentence under the ACCA based on two adult convictions and one juvenile adjudication.

Williams agreed to plead guilty pursuant to a written plea agreement. The agreement explained that the possible mandatory minimum sentence would increase to fifteen years if Williams qualified as an armed career criminal. At the change of plea hearing, the court addressed the possible mandatory minimum if Williams qualified as an armed career criminal, and defense counsel explained that

Williams would challenge whether his juvenile convictions could be considered violent felonies under the ACCA. Nevertheless, Williams pleaded guilty.

Williams has a lengthy criminal history, including a juvenile adjudication for aggravated battery with a deadly weapon. The commitment document for that crime only states that Williams was adjudicated for aggravated battery with a deadly weapon, while the charging document states more detail: it indicates that the deadly weapon Williams used was a firearm. Additionally, Williams has two adult convictions which are relevant in this case: attempted murder with a deadly weapon and resisting arrest.

At sentencing, Williams did not dispute that his adult convictions for resisting arrest and attempted murder qualified as violent felonies for purposes of the ACCA. However, Williams objected to the use of his juvenile conviction for aggravated battery with a deadly weapon as a qualifying offense because the commitment document did not clearly define the dangerous weapon as a firearm. Williams asserted that the court was limited as to the documents it could review to determine if the juvenile offense qualified as a violent felony, and he stated that juvenile offenses should not be considered because they were not pled in the indictment or proven to a jury. He further argued that the court could not consider charging documents without first determining that the crime charged was the same

3

crime for which he was convicted. The court viewed the charging petition and commitment document and concluded that the aggravated battery offense was a violent felony because the deadly weapon involved was a firearm.[1] The court then applied the ACCA and sentenced Williams to 188 months imprisonment.

## II. Standard of Review

We review the district court's legal interpretation of statutes and Sentencing Guidelines de novo. United States v. Burge, 407 F.3d 1183, 1186 (11th Cir. 2005).

## III. Discussion

On appeal, Williams argues that the district court improperly concluded that his juvenile offense involved a firearm. He bases this contention on the fact that the judgment document only states that he was guilty of using a "deadly weapon." According to Williams, a "deadly weapon" under Florida law could be a number of objects. He asserts that, in the absence of any proof such as a plea agreement, court finding, or an admission, the district court failed to establish that he had been adjudicated guilty of an offense involving a firearm.

A defendant is subject to the ACCA if he "violates section 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18

---

[1] At sentencing, the government also cited the police reports and probable cause affidavits, but the court stated that it was not considering those documents in reaching its decision.

U.S.C. § 924(e)(1). The term "violent felony" under § 924(e)(2)(B),

> means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). "[T]he term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(C). Because Williams did not dispute that he had two qualifying offenses as an adult (the attempted murder and resisting arrest convictions), the only issue is whether his juvenile conviction qualified as a third predicate offense under the ACCA. We affirm the district court's finding that the juvenile aggravated battery conviction was a qualifying offense.

Generally, when a court considers the application of a sentencing enhancement it should follow a "categorical approach" and "consider only the fact of conviction and the statutory definition of the prior offense." Burge, 407 F.3d at 1187. The district court may, however, "look beyond the conviction when sentence enhancements are based on a defendant's prior conduct or crime." Id. Under such circumstances, the district court "may look behind the judgment of conviction when it is impossible to determine from the face of the judgment or

5

statute whether the prior crime satisfies the enhancement statute." Id. The district court's review, however, "is limited to the terms of the **charging document**, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Id. (quoting Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005) (emphasis added).

Here, the commitment document reflects that Williams was convicted as a juvenile of aggravated battery with a deadly weapon. The commitment document does not specify whether the "deadly weapon" was a firearm. The transcript of the sentencing hearing in this case, however, reflects that the district court had before it a copy of the charging document in the juvenile proceedings and the district court relied on the charging document to conclude that Williams used a firearm in connection with that crime. Reading the charging document and commitment papers together, the district court properly concluded that the deadly weapon involved in the juvenile offense was a firearm.[2] Because a firearm was involved,

---

[2] At sentencing, the judge also viewed a petition for an unrelated aggravated assault with a deadly weapon involving a firearm. The judge indicated that this charge—along with the aggravated battery with a deadly weapon charge—are qualifying offenses under the ACCA. Use of the aggravated assault with a deadly weapon charge to invoke the ACCA was error as there was no commitment document or other document indicating that Williams was adjudicated for the same offense with which he was charged. The court's error was harmless, however, because the aggravated battery with a deadly weapon adjudication was sufficient to trigger the ACCA when

the adjudication was a qualifying offense under the ACCA, and because Williams had two other qualifying convictions—that he did not dispute—the court properly applied the ACCA enhancement.

Williams also argues that juvenile convictions should not be counted as qualifying offenses under the ACCA, but he concedes that this court has already rejected that argument in Burge. See Burge, 407 F.3d 1187, 1191. This court is bound by decisions of prior panels until overruled by this court sitting en banc or by the Supreme Court. United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998). Accordingly, we need not address Williams's second ground for appeal.

## IV. Conclusion

For the reasons stated above, we **AFFIRM.**

---

combined with the convictions for attempted murder and resisting arrest.