[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2010
JOHN LEY
CLERK

No. 09-15669
Non-Argument Calendar

_____

D. C. Docket No. 09-00011-CR-1-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT DEWAYNE TOLBERT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 10, 2010)

Before CARNES, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Dewayne Tolbert appeals his sentence of 180 months of imprisonment for twice possessing a firearm as a convicted felon. 18 U.S.C. § 922(g)(1). Tolbert argues that his sentence is unreasonable. We affirm.

Tolbert entered an agreement to plead guilty to two counts of possessing a firearm as a convicted felon, id., in exchange for a recommendation from the government for a sentence at the low end of the guideline range and the dismissal of a charge for knowingly receiving, possessing, and concealing stolen firearms, id. § 922(j). Tolbert admitted in the factual resume that he had pawned a 12 gauge shotgun and had burgled a residence, during which he stole five firearms. Tolbert also admitted that he had previously been convicted of third degree burglary, first degree theft of property, and fraudulent use of a credit card. The district court accepted Tolbert's pleas of guilty to twice possessing illegally a firearm, id. § 922(g)(1).

The presentence investigation report revealed that Tolbert had a substantial criminal history. In September 1996, Tolbert was convicted of third degree theft of property for stealing gasoline from a convenience store. In May 1997,Tolbert was convicted of first degree theft of property and third degree burglary after attempting to break into a convenience store and fleeing in a stolen truck, after which the state moved to revoke his probation four times. In January 2005,

Tolbert was convicted of unauthorized use of a motor vehicle, and in March 2005, Tolbert was convicted of fraudulent use of a credit card and resisting arrest. In September 2008, Tolbert was convicted of second degree burglary, third degree burglary, and breaking and entering a motor vehicle. Tolbert also was arrested in 2004 for reckless endangerment and in 2007 for breaking and entering a motor vehicle and committing second and third degree burglary, but the four charges were nol prossed.

Tolbert was subject to the Armed Career Criminal Act, id. § 924(e), but his status changed before the sentencing hearing. In October 2009, an Alabama court granted a joint motion by Tolbert and the state to amend Tolbert's September 2008 conviction for third degree burglary to the lesser charge of second degree theft of property.

The presentence report stated that Tolbert had a total offense level of 25. With a criminal history of VI, Tolbert faced a sentencing range between 110 and 137 months of imprisonment and a maximum statutory sentence of 20 years of imprisonment. The report mentioned that the district court could depart upward from the guideline range to address Tolbert's substantial criminal history, United States Sentencing Guideline § 4A1.3(a) (Nov. 2003).

At the sentencing hearing, Tolbert moved to dismiss his counsel, and

3

counsel responded that he had "done everything [he] could think of to do for [Tolbert]," which included having Tolbert's conviction reduced "to resolve the armed career offender situation." The district court opined that Tolbert had "manipulat[ed] . . . the system" in an "attempt to circumvent the statutory intent of Congress" to punish recidivists.

The district court "review[ed] the statutory purposes of sentencing" and determined that the guideline range failed to "adequately reflect [Tolbert's] criminal history," to address his "likelihood of recidivism," or to "adequately punish [Tolbert] for the offense for which [he] [had] been convicted." The district court "var[ied] [its] sentence above the guidelines." It imposed a sentence of 180 months of imprisonment, which was "the same sentence [the court] would have given [Tolbert] had [he] been subject to the provisions of 924(e)."

Tolbert argues that his sentence is the product of a "punitive whim," but we disagree. The district court reasonably determined that the guideline range did not adequately reflect Tolbert's criminal history. See United States v. Shaw, 560 F.3d 1230, 1237–40 (11th Cir. 2009). Tolbert had avoided prosecution for several serious crimes, and his crimes had escalated over time in quantity and severity. The district court considered the sentencing factors and determined that an upward variance was necessary to deter Tolbert from future similar crimes, protect the

4

public against those potential crimes, and impose a just punishment. <u>See</u> 18 U.S.C. §§ 3553(a), (c); <u>Shaw</u>, 560 F.3d at 1239–40; <u>United States v. Burge</u>, 407 F.3d 1183, 1188 (11th Cir. 2005). The district court did not abuse its discretion by sentencing Tolbert to a term of 180 months of imprisonment.

We **AFFIRM** Tolbert's sentence.